UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DAVID WILLIAM NAIL ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:05-CV-116 |
| ) | |
| VETERANS ADMINISTRATION, ) | |
| DALE GAUDIO, and NORTHERN ) | |
| INDIANA HEALTH CARE SYSTEM ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This cause is before the court upon pro se petitioner, David William Nail's' "Application to Proceed without Prepayment of Fees and Costs" (*in forma pauperis*) filed March 31, 2005. Along with his application, Nail filed a Complaint asserting a class action lawsuit against the Defendants. For the following reasons, petitioner's request to proceed without prepayment of fees and costs is DENIED.

**DISCUSSION**

The federal *in forma pauperis* statute, 28 U.S.C. §1915, provides indigent litigants an opportunity for meaningful access to the federal courts in spite of their inability to pay the costs and fees associated with that access. *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989).  An indigent party may commence an action in federal court, without costs and fees, upon submission of an affidavit asserting an inability "to pay such costs or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that he is entitled to redress." 28 U.S.C. §1915(a).

In this case, the petitioner's affidavit states that he is unable to pay the filing fee. Petitioner

is presently unemployed and has no assets and no income   Based on the petitioner's affidavit of indigence, the Court is satisfied that he meets the statutory poverty requirements of  28 U.S.C. §1915(a).

However, the court's inquiry does not end with this conclusion.  In assessing a petition to proceed *in forma pauperis*, the court may look to the sufficiency of a complaint to determine whether it can be construed as stating a claim for which relief can be granted.  28 U.S.C. §1915(e)(2)(B).  Under this section, a court may dismiss a claim if it determines that "the action ... (ii) fails to state a claim on which relief may be granted." *Id.*   Upon careful review and consideration, the petitioner in this case has failed to state a claim for relief and, in addition, has failed to invoke the jurisdiction of this court.

From Nail's petition, the court is unclear as to the relief sought or the specific claim the petitioner desires to set forth against the Defendants. Contrary to the dictates of Fed.R.Civ.P. 8(a)(1) requiring a "short and plain statement of the grounds upon which the court's jurisdiction depends" and Fed.R.Civ. P. 8(a)(2) requiring a "short and plain statement of the claim showing the pleader is entitled to relief."  Here, Nail's complaint begins with a heading stating "THIS IS A CLASS ACTION LAWSUIT INVOLVING ALL SHAREHOLDERS OF THE 20N VISN'S UNDER THE VA'S CONTROL" and goes on to offer the following jurisdictional statement:

> Jurisdiction is asserted under: Federal Rules Civil Procedure 23, Federal question 28 U.S.C. 1331, laws set in Federal statute 28 U.S.C. §1332, Title 42 Code of Federal Regulations, Title 5 Chapter XVI GOVERNMENT ORGANIZATION AND EMPLOYEES, Subpart F - Labor - Management and Employee Relations, CHAPTER 71–LABOR-MANAGEMENT RELATIONS, SUBCHAPTER II- RIGHTS AND DUTIES OF AGENCIES AND LABOR ORGANIZATIONS, PART 2635- STANDARDS OF ETHICAL CONDUCT Sec. 2635.203(b), U.S. Tort law, Title 5 United States Code, Chapter 41, Public Law 106, Title 5 CFR 5757, Training law and regulations and Diversity as Northern Indiana Health Care System better known as the VA (NICHS) is in Fort Wayne Indiana and the Veterans Administration has 20 main VISN's under its control which control VA's located in all 50 U.S. States and the action(s) so States and the action(s) so alleged have an

impact on all VA's and the Original Filing Plaintiff is from Montgomery, Michigan. Complaint, p. 1.  From this information, the court is unable to ascertain whether it, in fact, has jurisdiction.

The federal courts are courts of limited jurisdiction and, for this reason, "courts are required to notice jurisdictional faults at any time." *Wellness Community-National v. Wellness House*,  70 F.3d 46, 51 (7th Cir. 1995) (citing cases). Indeed, it is the district court's duty to review the pleadings carefully for such defects. *See  Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir.1986) ("[T]he federal courts are obliged to police the constitutional and statutory limitations on their jurisdiction.").[1]

Federal district courts have original jurisdiction over what have come to be known as "federal question" cases, that is, civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (1993).  In addition, federal courts have "diversity jurisdiction" over lawsuits brought by citizens of different states and where the amount in controversy exceeds $75,000.  28 U.S.C. §1332 (1993).

In this case, the court has reviewed 5 C.F.R 2635, 5 C.F.R Chapter XVI, and 5 C.F.R 5757 cited in the Complaint and found no provisions authorizing the type of suit Nail is bringing so as to give rise to federal question jurisdiction.  As for diversity jurisdiction, 28 U.S.C. § 1332(a)(1), confers upon federal courts jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between ... citizens of different States."  This statute and its predecessors have consistently been held to require complete diversity of citizenship. That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each*

---

[1]Even doctrines that affect the courts subject matter jurisdiction, such as *Rooker-Feldman,* may be raised on the court's own motion.  *Garry v. Geils*, 82 F.3d 1362, 1364 (7th Cir.1996) (*Rooker-Feldman* can be raised *sua sponte*).

plaintiff.  For natural persons, state citizenship is determined by one's domicile. *Gilbert v. David,* 235 U.S. 561, 569, 35 S.Ct. 164, 166, 59 L.Ed. 360 (1915); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.,* 980 F.2d 1072, 1074 (7th Cir.1992); *Poulos v. NAAS Foods, Inc.,* 959 F.2d 69, 70 n. 1 (7th Cir.1992); *Galva Foundry Co. v. Heiden,* 924 F.2d 729, 730 (7th Cir.1991). Here, the court is without sufficient information regarding citizenship of the various parties so as to determine whether diversity jurisdiction is present.  Accordingly, the Plaintiff has not established diversity jurisdiction on the face of the complaint.

Moreover, from what this court can discern from the rest of the Complaint, it fails to state a claim for relief under any federal statute.  Nail claims that Defendant Dale Gaudio ("Gaudio"), an assistant health information manager, implemented illegal changes to the job duties of medical coders at Northern Indiana Health Care System ("NICHS").  In addition, Nail asserts that Gaudio has taken some action without permission or agreement of the shareholders and that this action resulted in early implementation of the CARES program.  It is unclear whether Nail himself is a shareholder and what entity he is a shareholder in.  It is also unclear to the court who the shareholders are, what the CARES program is and what damages Nail claims he has suffered as a result of the alleged actions.  In the section entitled "RELIEF REQUESTED" Nail seeks: (1) monetary damages in excess of a 100 million dollars for the class; (2) reestablishment of services being denied veterans; (3) monetary damages to him personally in the amount of 5 million dollars; (4) criminal prosecution of various persons; and (5) punitive damages equal to 3 times the monetary damages awarded.

Because the court cannot ascertain a basis for jurisdiction nor, even if it has jurisdiction, can it determine whether the Complaint states a claim for relief under any federal law, the Application to Proceed Without Prepayment of Fees and Costs must be DENIED and the Complaint must be

dismissed without prejudice.

## **CONCLUSION**

Based on the foregoing, petitioner's request to proceed *in forma pauperis* is DENIED and his complaint DISMISSED WITHOUT PREJUDICE.


Entered:       April 12, 2005


                                                  s/ William C. Lee,  Judge
                                                  Northern District of Indiana